IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL DOUGLAS WILLIAMS, JR., : PRISONER CIVIL RIGHTS
    Plaintiff, : 42 U.S.C. § 1983
 :
v. :
 :
FULTON COUNTY JAIL et al., : CIVIL ACTION NO.
    Defendants. : 1:18-CV-4027-TWT-LTW

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Plaintiff, pro se, seeks damages and other relief under 42 U.S.C. § 1983 regarding his recent confinement in the Fulton County Jail (the "Jail"). (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the

deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff's complaint is that he was detained at the Jail too long before his first appearance before a judge. (Doc. 1 at 3.) Plaintiff alleges that he was arrested on April 7, 2018, pursuant to an arrest warrant, but was not taken to court until April 17, 2018. (*Id.*) Plaintiff complains that the delay was longer than seventy-two hours, which is the time prescribed by Georgia law for an arrestee's first court appearance. (*Id.*); see O.C.G.A. § 17-4-26 ("Every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest.").

Plaintiff's arrest was for a crime that violated his parole status, and his parole was revoked. (Doc. 1 at 4.) Plaintiff seeks dismissal of the charged crime, "[i]mmediate release from prison on parole violation," and $250,000 in punitive damages. (*Id.*)

Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. A violation of Georgia's law requiring persons arrested with a warrant

to be presented to a judge within seventy-two hours is not a violation of the U.S. Constitution or any other federal law. *Stephenson v. Gaskins*, 539 F.2d 1066, 1068 n.2 (5th Cir. 1976) ("[E]ven though [Georgia law] required that an officer arresting under a warrant bring the person arrested before a committing officer within 72 hours after arrest, failure to take an arrestee before a magistrate is not a federal constitutional issue."). The U.S. Court of Appeals for the Eleventh Circuit rejected a similar claim by a Georgia prisoner who was arrested pursuant to a warrant for a parole violation and detained nine days before seeing a judge. *Taylor v. Taylor*, 649 F. App'x 737, 741, 748 (11th Cir. 2016) (also noting that the federal rule applicable to those in federal custody does not apply to those in state custody). Plaintiff's complaint that he was detained for ten days pursuant to an arrest warrant before his initial court appearance does not state a viable claim to relief under federal law.

Moreover, Plaintiff's claim is barred to the extent that success on the claim would imply the invalidity of his current imprisonment. A "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court

must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Plaintiff is confined pursuant to a judicial finding that he violated his parole, and he claims that confinement is unlawful because he was not timely given a court hearing on the parole violation. Such a claim is barred by *Heck*.

Finally, Plaintiff cannot obtain under § 1983 the primary relief he seeks – immediate release from confinement and dismissal of criminal charges. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). For all those reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this __5__ day of __September__, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4